UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| WILLIAM JAMES GRADFORD, | Case No. 1:17-cv-00575-AWI-MJS (PC) |
|---|---|
| Plaintiff, | |
| v. | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| MCDOUGALL, | **(ECF No. 1)** |
| Defendant. | **THIRTY DAY DEADLINE TO AMEND** |

Plaintiff is a county jail inmate proceeding pro se and in forma pauperis ("IFP"). He filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 24, 2017. (ECF No. 1.) Plaintiff's complaint is before the Court for screening. He has declined Magistrate Judge jurisdiction. (ECF No. 4.) No other parties have appeared.

**I.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  Pleading Standard

Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights "under color" of state law. 42 U.S.C. § 1983. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.  Plaintiff's Allegations

Plaintiff is currently detained at the Stanislaus County Public Safety Center in Modesto, California. He brings this suit against Deputy McDougall for interfering with

2

Plaintiff's legal mail. His allegations may be summarized as follows:

On February 11, 2017, Deputy McDougall removed five pieces of Plaintiff's outgoing legal mail, including a piece directed to Plaintiff's criminal attorney, from the outgoing mailbox of Unit E. Defendant called Plaintiff over to his desk, then broke the seals of each envelope, removed the contents, read them, searched them for contraband, replaced them in their envelopes, sealed and signed them, all without Plaintiff's permission. Earlier that same day, Deputy Freddie had already searched these envelopes for contraband, sealed them, and signed them. Plaintiff complains that his right of access to the Court has been violated and he has lost the opportunity to have a "fair or just" civil or criminal trial or a chance to prove his innocence in his pending criminal case.

Plaintiff has already filed a civil suit against Deputy McDougall complaining about other instances of tampering. He seeks 1.5 million dollars in damages.

**IV.     Discussion**

    **A.     Legal Mail**

Inmates have a "First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). The censorship of outgoing prisoner mail is justified if the following criteria are met: (1) the regulation furthers "an important or substantial government interest unrelated to the suppression of expression" and (2) "the limitation on First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved." Procunier v. Martinez, 416 U.S. 396, 413 (1974) (limited by Thornburgh v. Abbott, 490 U.S. 401, 413–14 (1989), only as test relates to incoming mail).

Furthermore, the Sixth Amendment guarantees Plaintiff the right to counsel in his pending criminal case. U.S. CONST. amend VI. Jail officials cannot read legal mail directed to an attorney, although they may scan it and inspect it for contraband or suspicious contents in the inmate's presence. Nordstrom v. Ryan, 762 F.3d 903, 906 (9th Cir. 2014). "When the government deliberately interferes with the confidential relationship between a criminal defendant and defense counsel, that interference violates the Sixth

3

Amendment right to counsel if it substantially prejudices the criminal defendant." <u>Williams v. Woodford</u>, 384 F.3d 567, 584–85 (9th Cir.2004); <u>see also</u> <u>United States v. Irwin</u>, 612 F.2d 1182, 1186–87 (9th Cir.1980). A criminal defendant is thus denied the effective assistance of counsel if he is denied the right to communicate privately and candidly with his attorney. <u>Nordstrom</u>, 762 F.3d at 910. The Ninth Circuit has found that allegations that a prison official read mail addressed to an attorney, and did not merely scan it, are sufficient to state a claim for the violation of the Sixth Amendment right to counsel. <u>Id.</u> at 910-11; <u>see also</u> <u>Weatherford v. Bursey</u>, 429 U.S. 545, 554 n. 4 (1977) ("One threat to the effective assistance of counsel posed by government interception of attorney-client communications lies in the inhibition of free exchanges between defendant and counsel because of the fear of being overheard.")

Plaintiff does not argue that the jail may not inspect inmates' mail, nor could he—such inspections are necessary to preserve institutional security. Rather, Plaintiff's claims appear to rest on his belief that Defendant's inspection of his mail violated his right to counsel. On these facts, however, the Court is not prepared to conclude that Defendant improperly "read" Plaintiff's mail rather than simply scanned it. Plaintiff should file an amended complaint describing what precisely transpired when Defendant opened and inspected his mail that led Plaintiff to believe Defendant read the contents rather than merely inspected them. To the extent Defendant opened and inspected Plaintiff's legal mail after another Deputy had already done so, Plaintiff should explain why this was improper.

**B.    Access to the Courts**

The right of access to the courts requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. <u>See</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 356-57 (1996). Therefore, the right of access to the courts is only a right to present these kinds of claims to the court, and not a right to discover claims or to litigate them effectively once filed. <u>See</u> <u>id.</u> at 354–55.

Furthermore, the prisoner must allege an actual injury. <u>See</u> <u>id.</u> at 349. "Actual

4

injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007). Delays in providing legal materials or assistance which result in prejudice are "not of constitutional significance" if the delay is reasonably related to legitimate penological purposes. Lewis, 518 U.S. at 362.

At this juncture, Plaintiff has not alleged any actual harm to current or future litigation. He will be given leave to amend.

**VI.     Conclusion**

Plaintiff's complaint will be dismissed for failure to state a claim. Plaintiff will be given an opportunity to amend, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend;
2. The Clerk's Office shall send Plaintiff a blank complaint form along with a copy of the complaint filed April 24, 2017;

5

3. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. File a notice of voluntary dismissal; and

4. If Plaintiff fails to comply with this order, the Court will recommend this action be dismissed for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated: May 30, 2017            /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE