UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MCDOUGALL,<br><br>　　　　Defendant. | 1:17-cv-00575-DAD-GSA-PC<br><br>ORDER CONSOLIDATING CASE 1:17-CV-01525-DAD-GSA-PC WITH THIS CASE<br><br>ORDER FOR PLAINTIFF TO FILE AN AMENDED COMPLAINT IN THE CONSOLIDATED CASE NO. 1:17-cv-00575-DAD-GSA-PC, WITHIN THIRTY DAYS |

## I.　BACKGROUND

William J. Gradford ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case is related under Local Rule 123 to Plaintiff's pending case 1:17-cv-1525-DAD-GSA-PC ("17-1525"); <u>Gradford v. McDougall</u>.[1]

The court has reviewed the complaints in both actions and finds that the two cases should be consolidated.

## II.　CONSOLIDATION – LEGAL STANDARD

"If actions before the court involve a common question of law or fact, the court may consolidate the actions." Fed. R. Civ. P. 42(a)(2). Consolidation may be ordered on the motion of any party or on the court's own motion whenever it reasonably appears that consolidation would aid in the efficient and economic disposition of a case. See <u>In re Air Crash Disaster at Florida Everglades on December 29, 1972</u>, 549 F.2d 1006 (5th Cir. 1977). The grant or denial

---

[1] On November 21, 2017, in case 1:17-1525, an order was issued relating the cases to each other. (ECF No. 3 in 17-1525.) In fact, seven of Plaintiff's pending cases are now related under Local Rule 123. However, the only two cases being consolidated in this order are 17-1525 and this case, 17-0575.

1

of a motion to consolidate rests in the trial court's sound discretion, and is not dependent on party approval. Investors Research Co. v. United States Dist. Ct., 877 F.2d 777 (9th Cir. 1989); Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir. 1993). In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989).

### *(This Case) 17-0575*

Plaintiff filed the Complaint commencing this action on April 24, 2017. (ECF No. 1.) On May 30, 2017, the court screened the Complaint and dismissed it for failure to state a claim, with leave to amend. (ECF No. 9.) On June 8, 2017, Plaintiff filed the First Amended Complaint. (ECF No. 11.) In the First Amended Complaint Plaintiff names only one defendant, Deputy McDougall, who was working at the Stanislaus County Public Safety Center in Modesto, California, when Plaintiff was detained there. Plaintiff alleges that on January 19, 2017, and February 11, 2017, Deputy McDougall opened and read Plaintiff's legal mail in retaliation for Plaintiff reporting that Deputy Teixeira threw inmate Ibanez against a wall while inmate Ibanez was having a seizure and was unresponsive on the floor.

### *(Related Case) 17-1525*

Plaintiff filed this action on November 15, 2017. (ECF No. 1 in 17-1525.) In this Complaint Plaintiff names only one defendant, Deputy McDougall, who was working at the Stanislaus County Public Safety Center in Modesto, California, when Plaintiff was detained there. Plaintiff alleges that on January 19, 2017, Deputy McDougall opened and read Plaintiff's legal mail, in retaliation for Plaintiff reporting that Deputy McDougall's Co-Deputies Teixeira and McCarthy, had threatened Plaintiff after throwing inmate Ibanez against the wall, while inmate Ibanez was having a seizure and was unresponsive on the floor.

### *Discussion*

It is clear from a reading of the allegations that the January 19, 2017 incident described in both cases is the same incident. Both cases now proceed against the same sole defendant, Deputy McDougall, and common questions of law and fact appear to exist in these actions.

Consolidating these actions will avoid unnecessary costs incurred due to identical discovery and motion practice occurring in separate actions.

It is in the interest of judicial economy to avoid duplication by consolidating these actions for all purposes. Consolidation will conserve judicial resources and the resources of the parties by addressing identical issues in a single case. It serves judicial economy to "avoid the inefficiency of separate trials involving related parties, witnesses, and evidence." E.E.O.C. v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998).

Consolidation of these actions will not cause a delay, and in fact may expedite the case because defendant McDougall will only need to be served once instead of twice. There is little risk of confusion due to the consolidation of these actions, as the same facts concerning the same defendant are found in both cases, and Plaintiff shall be granted leave to file a consolidated complaint and proceed in one action. Finally, the court can discern no prejudice to any of the parties by consolidating these actions, and consolidation will avoid the danger of having inconsistent verdicts in the related cases. The factors considered weigh in favor of consolidating these actions for all purposes.

Plaintiff shall be granted leave to file an amended complaint in the consolidated action, including all claims against defendant McDougall and any other related claims Plaintiff believes to be cognizable. The amended complaint shall supercede Plaintiff's prior complaints, and the court shall screen the consolidated complaint before initiation of service of process on defendant McDougall.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Pursuant to this order, Case No. 1:17-cv-1525-DAD-GSA-PC (Gradford v. McDougall) shall be consolidated with this case.

2. This case, Case No. 1:17-cv-00575-DAD-GSA-PC, shall be designated as the lead case, and Case No. 1:17-cv-1525-DAD-GSA-PC shall be closed;

///

3. From this date forward, the parties shall use Case No. 1:17-cv-00575-DAD-

GSA-PC on all documents submitted to the court for the consolidated case;

4. Plaintiff is granted thirty days from the date of service of this order in which to file an amended complaint in the consolidated case, using Case No. 1:17-cv-00575-DAD-GSA-PC, including all of the claims against defendant McDougall and related claims upon which Plaintiff wishes to proceed, as instructed by this order;

5. The Clerk's Office is directed to:

   1. Consolidate Case No. 1:17-cv-1525-DAD-GSA-PC (<u>Gradford v. McDougall</u>) with this case;
   2. Close Case No. 1:17-cv-1525-DAD-GSA-PC;
   3. Docket and serve this order in both cases, Case No. 1:17-cv-00575-DAD-GSA-PC <u>and</u> Case No. 1:17-cv-1525-DAD-GSA-PC; and
   4. Send Plaintiff an amended complaint form.

IT IS SO ORDERED.

Dated: **April 27, 2018**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE