UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| WILLIAM J. GRADFORD, | 1:17-cv-00575-DAD-GSA-PC |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S PITCHESS MOTION** <br> **(ECF No. 30.)** |
| v. | |
| McDOUGALL, | **ORDER FOR CLERK TO SEND PLAINTIFF A COPY OF RULE 34 OF THE FEDERAL RULES OF CIVIL PROCEDURE** |
| Defendant. | |

## I. BACKGROUND

William J. Gradford ("Plaintiff") is a former prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's original Complaint, filed on April 24, 2017, against defendant Deputy McDougall ("Defendant") on Plaintiff's claim of mail interference in violation of the Sixth Amendment. (ECF No. 1.) This case is now in the discovery phase pursuant to the court's Discovery and Scheduling Order issued on January 11, 2019. (ECF No. 28.)

On January 30, 2019, Plaintiff filed a Pitchess motion. (ECF No. 29.) On January 31, 2019, Defendant filed an opposition to the motion. (ECF No. 31.) On February 11, 2019, Plaintiff filed a reply. (ECF No. 34.)

## II. PITCHESS MOTION -- CALIFORNIA'S EVIDENCE CODE § 1043

The name of the Pitchess motion is based on a 1974 case where the California Supreme Court held that a defendant has the ability to obtain police personnel records. Pitchess v. Super. Ct. of L.A. Co. (Echeveria), 522 P.2d 305, 307, 309 (Cal. 1974). The court's decision "established that a criminal defendant could 'compel discovery' of certain relevant information

1

in the personnel files of police officers by making 'general allegations which establish some cause for discovery' of that information and by showing how it would support a defense to the charge against him." (Warrick v. Superior Court, 35 Cal.4th 1011, 1018–1019, 29 Cal.Rptr.3d 2, 112 P.3d 2 (Cal. 2005).

"In 1978, the California Legislature codified the holding of Pitchess by enacting Penal Code sections 832.7 and 832.8, as well as Evidence Code sections 1043 through 1045. Serrano v. Superior Court, 16 Cal. App. 5th 759, 767, 224 Cal. Rptr. 3d 622, 629 (Ct. App. 2017). California's Evidence Code § 1043 now provides a procedure for discovery of peace officer personnel records in *state* judicial proceedings, but § 1043 is not binding upon the *federal* court. Jackson v. Cty. of Sacramento, 175 F.R.D. 653, 655 (E.D. Cal. 1997) (emphasis added).

**Plaintiff's Motion**

Plaintiff requests a Pitchess motion. Defendant opposes the motion stating that without more information he cannot provide a cogent response. Plaintiff replies that he is not knowledgeable about filing Pitchess motions and requests the court to recognize his intentions and rule on the motion as if correctly filed. Plaintiff also alleges that he has little access to the law library or law materials. For the reasons set forth below, Plaintiff's motion shall be denied.

**Discussion**

This is a federal civil rights action under 42 U.S.C. § 1983 to which the Federal Rules of Civil Procedure apply, and Plaintiff's Pitchess motion under California law is not binding on this court. To the extent that Plaintiff seeks to discover Defendant's personnel files in this case he should refer to Federal Rule of Civil Procedure 34(a), which allows a party to request the production of any document within the scope of Rule 26(b).[1] It appears to the court that such documents may be available to Plaintiff through a request for production of documents to Defendant. Fed. R. Civ. P. 34. Plaintiff has not demonstrated that he made a request to Defendant for production of these documents, nor has Plaintiff filed a motion to compel Defendant to produce the requested documents. The motion presently before the court cannot

---

[1] Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401.

2

be construed as a motion to compel. Plaintiff does not clearly describe his attempts to obtain the relevant documents directly from Defendants through a proper discovery request, and additionally he does not present any arguments that demonstrate how Defendant's objections to Plaintiff's requests were unjustified. Plaintiff's motion is supported by nothing more than his request that the motion be granted.

Under Rule 34(a), a party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010). Should Plaintiff choose to serve a request for production of documents on Defendant, he must identify with specificity the documents sought.

Plaintiff is advised that discovery is generally a self-executing process. Plaintiff does not make discovery requests through the Court. Local Rules 250.2(c), 250.3(c), and 250.4(c). Plaintiff must directly serve Defendants with discovery requests, such as document production requests that request relevant documents contained in Defendant's personnel files. Federal Rules of Civil Procedure 26 and 34. Defendants are then required to respond to Plaintiff's discovery request by furnishing the requested documents, or by raising objections to Plaintiff's requests. Federal Rule of Civil Procedure 34(b)(2).

If the parties are unable to resolve the discovery dispute, Plaintiff may file a motion to compel. Federal Rule of Civil Procedure 37(a). Plaintiff is cautioned that filing a motion to compel that is not substantially justified may result in an order requiring Plaintiff to pay

Defendant for the reasonable expenses incurred in opposing Plaintiff's motion, including attorney's fees. Federal Rule of Civil Procedure 37(a)(5)(B).

If Plaintiff chooses to file a motion to compel, Plaintiff is advised that such motion must individually address each request made by Plaintiff. Plaintiff may not file a motion to compel that generally and vaguely argues that all of Defendant's responses are unjustified. Plaintiff must address each request individually by reciting the original request made by Plaintiff and reciting the response or objections raised by the Defendant to that request. For each request and response being challenged, Plaintiff must present persuasive arguments that demonstrate how each objection made by Defendant is not justified. Plaintiff must also attach a copy of his original discovery request(s) and a copy of Defendant's response(s) to his motion to compel.

The deadline for conducting discovery in this action, including filing motions to compel, is July 11, 2019. Therefore, Plaintiff should proceed as soon as possible with his discovery requests.

**III.     CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's Pitchess motion, filed on January 30, 2019, is DENIED; and
2. The Clerk of Court is directed to send Plaintiff a copy of Rule 34 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:   **March 7, 2019**                    **/s/ Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE